Case 4:15-cv-01156   Document 15   Filed in TXSD on 12/22/15   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 22, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNEL ROBINSON, § | | |
| TDCJ #1752137, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-15-1156 | |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## **MEMORANDUM AND ORDER**

The petitioner, Donnel Robinson, is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction. The respondent has filed a motion for summary judgment, arguing that the petition must be dismissed as barred by the governing one-year statute of limitations [Doc. # 8]. Robinson has filed a reply [Doc. # 14]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this action for reasons set forth below.

## I. BACKGROUND

Robinson is currently incarcerated as the result of a conviction from the 230th District Court of Harris County, Texas. In cause number 1307614, Robinson was charged with violating a protective order.[1] In particular, Robinson was charged with assaulting the victim during the time when a protective order was in place.[2] On November 1, 2011, Robinson entered a guilty plea and was sentenced to ten years' imprisonment in that case.[3] Robinson did not pursue an appeal.

On April 14, 2015, Robinson executed the pending petition for a federal writ of habeas corpus, seeking relief from his conviction under 28 U.S.C. § 2254.[4] In that petition Robinson contends he is entitled to relief for the following reasons: (1) the protective order had expired at the time of his arrest; (2) he was denied effective assistance of counsel when his attorney failed to cross-examine a witness and failed to object to his wife testifying against him; (3) he is illegally incarcerated because he was convicted in Texas of violating a New York state protective order; and (4) his ten-year sentence violates the Eighth Amendment prohibition against cruel and

---

[1]     Indictment, Doc. # 9-3, at 46-47.

[2]     *Id.*

[3]     Judgment of Conviction by Court — Waiver of Jury Trial, Doc. # 9-3, at 54.

[4]     Petition, Doc. # 1, at 10.

unusual punishment.[5] The respondent argues that the petition must be dismissed with prejudice as barred by the governing one-year statute of limitations on federal habeas corpus review.[6]

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that review is barred by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because Robinson challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

As outlined above, Robinson entered a guilty plea and received a ten-year prison sentence on November 1, 2011. His time to file a direct appeal from that judgment expired thirty days later on December 1, 2011. *See* TEX. R. APP. P. 26.2(a)(1). That date triggered the statute of limitations for federal habeas corpus

---

[5] *Id.* at 6-7.

[6] The respondent argues further that Robinson's ineffective-assistance claims are unexhausted and barred by the doctrine of procedural default. Because the petition is plainly barred by the governing statute of limitations, the Court does not address this alternative argument further.

3

review, which expired one year later on December 1, 2012. The pending federal habeas corpus petition, executed by Robinson on April 14, 2015, is late by more than three years and is therefore time-barred unless an exception applies.

### A.     Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. Robinson filed an application for state post-conviction review on April 29, 2014.[7] The trial court entered findings of fact and concluded that relief should be denied.[8] The Texas Court of Criminal Appeals agreed and denied relief on August 13, 2014, without a written order on the findings made by the trial court.[9] This application does not toll the limitations period because it was filed after the statute of limitations expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Robinson has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition

---

[7]   Application for a Writ of Habeas Corpus Under Article 11.07, Doc. # 9-3, at 16.

[8]   Findings of Fact, Conclusions of Law and Order, Doc. # 9-3, at 30-34.

[9]   Action Taken (Writ No. 81,826-01), Doc. # 9-1, at 1.

is based; nor does there appear to be a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B. Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Robinson has not articulated a valid basis for equitable tolling and the Court's own review of the record does not disclose one. In that respect, Robinson clearly waited more than two years after his conviction became final to seek relief from his conviction. Thus, Robinson cannot show that he pursued relief with the requisite due diligence. Equitable tolling is not available where, as here, the petitioner squanders

his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Robinson proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[10] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applied "restrictively" and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a

---

[10] The Court notes, however, that Robinson's claims were rejected on state habeas corpus review, where the trial court found that he failed to show that his conviction and sentence were improperly obtained or that he is being improperly confined. *See* Findings of Fact, Conclusions of Law and Order, Doc. # 9-3, at 31.

[petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).  Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Robinson has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## IV.    **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## V.     CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 8] is **GRANTED**.

2. The habeas corpus petition filed by Donnel Robinson [Doc. # 1] is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on December 22nd, 2015.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE